UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MARK MIGUES**<br>      **LA. DOC #92944**<br>VS. | **CIVIL ACTION NO. 3:12-cv-1823**<br><br>**SECTION P**<br><br>**JUDGE JAMES T. TRIMBLE, JR.** |
| **EMERALD CORRECTIONAL**<br>**CORP., ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Mark Migues, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 29, 2012. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC). He is incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana; however, he claims that he was denied appropriate medical care and treatment for chronic pain caused by osteoarthritis while he was an inmate at the Riverbend Corrections Center (RCC), Lake Providence, Louisiana. He sued the Emerald Correctional Corporation which manages the facility, its Warden Johnny Hedgemon, Nursing Director Shania Mills, Dr. Thompson, and the East Carroll Parish Sheriff's Department. He prayed for his transfer to another facility and compensatory damages of $6.6 million. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an inmate in the custody of the LDOC. On some unspecified date he was

confined at the RCC. On July 4, 2010, he was sent for examination and treatment at the E.A. Conway Hospital (EACH) in nearby Monroe. He was hospitalized for a period of 5 days during which he underwent x-ray and MRI examinations which revealed that he was suffering from osteoarthritis. Plaintiff was eventually discharged back to the prison but was examined by a specialist at EACH every three months. The specialist prescribed unspecified medication.

On April 5, 2012, during plaintiff's regular three month examination, the specialist at EACH prescribed new medication. On April 6-8 plaintiff did not receive his medication because, according to the jail nurse, it had not yet been received at the jail. On April 9, 2012, plaintiff asked Shannon Mills why he was not getting the new medication and he was advised that he could not receive that medication at the facility.

On April 11, 2012, plaintiff complained to the Warden and on April 20, 2012, he was scheduled for an examination by Dr. Thompson. When he arrived at the prison infirmary, Mills advised him that he would get his medication that evening and that he could not see the doctor.

At some point medication was provided and on April 23 plaintiff was seen by Mills and she put him on the list of patients to see Dr. Thompson. On April 26, 2012, plaintiff was examined by Dr. Thompson who prescribed Tylenol and Flexaril twice daily. On May 19, 2012, plaintiff requested sick call and complained of increased pain. He was put on the list to see Dr. Thompson.

By June 5, 2012, plaintiff had still not seen Dr. Thompson so he requested pain medication from the nurse; she refused. On June 29, 2012, plaintiff was again examined by Dr. Thompson and he complained that the Tylenol and Flexaril were not effective. Dr. Thompson did not increase his dosage or prescribe additional medication.

Plaintiff made sick call again on July 10, 2012, and he was again placed on the list to see Dr. Thompson. On July 20, 2012, he was examined by Dr. Thompson; plaintiff again complained that the medication being provided was not helping with his pain. Thompson discontinued the Flexaril but continued the prescription for Tylenol. Sometime between July 20 and July 30, 2012, plaintiff was transferred to Elayn Hunt Correctional Center, his present place of confinement. [Doc. 5]

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; 28 U.S.C.§1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not

3

entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

Courts are not only vested with the authority to dismiss a claim based on an indisputably meritless legal theory, but are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff has been afforded an opportunity to amend his complaint and he has availed himself of that opportunity. Further amendment is unnecessary.

**2. Medical Care**

Plaintiff is an inmate in the custody of the LDOC. He complains that he is receiving inadequate medical care for pain caused by osteoarthritis. The constitutional right of a convicted prisoner to prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. Rights guaranteed under the Eighth Amendment are violated

4

only if the defendants act with deliberate indifference to a substantial risk of serious harm which results in injury. Deliberate indifference requires that the defendants have subjective knowledge of the risk of harm. Mere negligence or a failure to act reasonably is not enough. The defendants must have the subjective intent to cause harm. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Thus, in order to establish an actionable constitutional violation the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's pleadings fall far short of alleging facts sufficient to establish deliberate indifference on the part of any of the defendants identified in his pleadings. As a matter of fact, it is manifestly obvious that plaintiff simply disagrees with the decisions of the health care professionals who were responsible for his treatment. Plaintiff's disagreement with their treatment choices does not establish deliberate indifference since mere disagreement with medical diagnosis or treatment does not state a claim under the Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v. Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

Furthermore, to the extent that the defendants' choices establish negligence or even malpractice on their part, plaintiff still fails to state a claim since deliberate indifference is not the

equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under the deliberate indifferent standard, it is not sufficient that defendants should have known of a substantial risk; they must have actual knowledge of the risk and must thereafter have ignored it. In other words, a civil rights plaintiff must allege and prove that each of the defendants knew of and then disregarded an excessive risk of injury to him, and, that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id.* at 837. Plaintiff has not identified any "serious harm" that has befallen him as a result of the defendants' treatment choices.

In short, plaintiff disagrees with the treatment protocol established for him at his former place of confinement; it appears that there may be some disagreement between the two treating physicians as to the proper treatment protocol, however, as shown above, disagreement with diagnosis and treatment does not establish deliberate indifference, and plaintiff's failure to allege and demonstrate deliberate indifference warrants dismissal of his complaint for failing to state a claim for which relief may be granted.

### 3. Juridical Defendants

Plaintiff has sued the East Carroll Parish Sheriff's Department and the Emerald Corp., the corporate entity which he claims manages RCC. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether an entity such as a corrections facility or prison management company or a sheriff's department has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This

term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. Assuming for the purposes of this order that the Emerald Corporation is a juridical person capable of being sued, it appears that plaintiff seeks to hold this entity liable under 42 U.S.C. § 1983 for the acts or omissions of its employees. However, just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights. *See Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir.2003), where the Fifth Circuit extended municipal corporate liability under § 1983 to include private prison-management corporations and their employees. Plaintiff's complaint is devoid of any allegations that an official policy or custom was the "moving force" behind their employees' alleged deprivation of his civil rights. In other words, plaintiff's claims against the prison management company must be dismissed.

  The East Carroll Sheriff's Department, on the other hand is not a proper defendant since it is not an entity capable of being sued. *Cozzo v. Tangipahoa Parish Counsel*, 279 F.3d 273, 283 (5th Cir.2002) (citing *Porche v. St. Tammany Parish Sheriff's Office*, 67 F.Supp.2d 631, 635 (E.D.La.1999) (recognizing that "a sheriff's office is not a legal entity capable of being sued, Louisiana sheriffs are amenable to suit")); *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 909 (E.D.La.2001) (the "Parish Sheriff's Department" is not a proper party defendant because "the law of Louisiana affords no legal status to the 'Parish Sheriff's Department' so that the department can sue or be sued, such status being reserved for the Sheriff.")

### 4. *Injunctive Relief*

  Finally, plaintiff prayed for a transfer to another facility. His wish was granted by the

LDOC and his request for injunctive relief is subject to dismissal as moot.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 16, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE